IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00419-MSK-PAC

WILLIAM HOOVER,

    Petitioner,

v.

GARY GOLDER, Warden, Sterling Correctional Facility,

    Respondent.

**OPINION AND ORDER OVERRULING OBJECTIONS TO RECOMMENDATION AND DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

THIS MATTER comes before the Court on the Petitioner's Application for a Writ of Habeas Corpus **(#1)** pursuant to 28 U.S.C. § 2241. The Magistrate Judge issued a Recommendation **(#17)** that the Application be denied, and the Petitioner has objected **(#18)** to such Recommendation. Having considered the matter *de novo*, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241.[1]

### II. Background

The Petitioner, William Hoover, was convicted following a jury trial in the Denver County District Court of 44 non-violent offenses: one count under the Colorado Organized Crime Control

---

[1] For reasons the Court cannot determine, the Magistrate Judge analyzed the Application pursuant to 28 U.S.C. § 2254. However, the Petitioner does not challenge his conviction or sentence. Instead, he challenges a state court decision which impacts the execution of his sentence. Therefore, the Court does not apply 28 U.S.C. § 2254(d).

Act, 22 counts of securities fraud, and 21 counts of theft.  The trial court sentenced him to a total of 100 years in prison.

Mr. Hoover filed a motion in the trial court requesting that he be released on bond pending appeal pursuant to §§ 16-4-201(1), -201.5, -202, -203, C.R.S., and C.A.R. 9(b).  He requested that bond be set in the amount of $100,000, secured.  The prosecutor opposed the motion but argued, in the alternative, for a $5,000,000 bond for a variety of reasons, including that such amount was one-third of what Mr. Hoover owed to the victims of his offenses.

The trial court held a hearing on Mr. Hoover's motion.  It considered all of the factors set forth in the appeal bond statute, § 16-4-202, C.R.S., and found that the nature and circumstances of the offense were "most severe," resulting in millions of dollars in losses to approximately 27 of Mr. Hoover's former clients, that Mr. Hoover had engaged in dishonest employment for several years preceding his trial, and that Mr. Hoover's conduct had been manipulative and deceitful.  Against these considerations the trial court weighed Mr. Hoover's lengthy period of time living in the Denver metropolitan area, his strong family ties, an offer of legitimate employment, the absence of any prior criminal record or other pending criminal charges, and his record of timely appearances in court.  The trial judge stated: "Given all the factors that I've considered and what I'm obligated to consider by law I do feel an appeal bond is appropriate in this matter.  But it must be of an amount sufficient to guarantee the defendant's appearance and to guarantee that he's not going to flee the jurisdiction of the Court."  The trial court then granted an appeal bond in the amount of $1,000,000, cash only.

Mr. Hoover filed a motion asking the trial court to modify the appeal bond.  He did not contest the amount of the bond but challenged the condition that it be "cash only."  The trial court denied the motion.  Mr. Hoover then filed a petition in the Colorado Court of Appeals seeking to

modify the appeal bond in an identical respect. He claimed, *inter alia*, that a "cash only" bond amounted to "excessive bail" in violation of the Eighth Amendment to the United States Constitution. The Colorado Court of Appeals denied such petition with leave to renew the argument in his opening brief during his direct appeal. Mr. Hoover then filed a petition pursuant to C.A.R. 21 in the Colorado Supreme Court to modify the "cash only" bond, asserting the same arguments. The Colorado Supreme Court summarily denied such petition.

Mr. Hoover subsequently renewed his motion in the trial court to modify the appeal bond. The trial court summarily denied the motion. He then filed a renewed petition in the Colorado Court of Appeals. It denied the petition in a published decision. *See People v. Hoover*, 119 P.3d 564 (Colo. App. 2005). The Colorado Court of Appeals ruled as follows: (1) there is no right to an appeal bond following conviction; (2) if a trial court decides to allow an appeal bond, then Colorado law authorizes it to impose any condition it deems necessary, including a "cash only" restriction; and (3) the excessive bail clauses do not apply to an appeal bond because "[b]ail cannot be deemed excessive where . . . it could properly be denied altogether." Mr. Hoover then filed a petition for a writ of *certiorari*, which the Colorado Supreme Court denied.

He now seeks relief by writ of habeas corpus, arguing that his Eighth Amendment right to be free from excessive bail and Fourteenth Amendment right to due process were violated by the "cash only" appeal bond. The Magistrate Judge recommends that the application for a writ of habeas corpus be denied on the basis that the amount of the appeal bond was not excessive and the trial court's imposition of a "cash only" restriction did not violate his right to due process. Mr. Hoover objects to this Recommendation.

### III.  Issue Presented

The Court must determine whether the state courts violated Mr. Hoover's Eighth and Fourteenth Amendment rights when it imposed the condition that his appeal bond be "cash only." Because Mr. Hoover objects to the Recommendation, the Court considers the matter *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).

### IV.  Analysis

This Court may grant a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Hoover contends that his Eighth and Fourteenth Amendment rights have been violated because the trial court arbitrarily imposed a "cash only" restriction on his appeal bond, rendering the amount of the bond excessive because he is financially unable to pay it.[2] He also complains that if he were to post such bond, the clerk of the state court would not return it to him and instead would disburse it to the victims of his crimes as restitution, which has the effect of inhibiting others from lending him money to post the bond.

Warden Golder responds that the Eighth Amendment prohibition against excessive bail does not apply because Mr. Hoover is not a pretrial detainee. He also contends that there was no due process violation because the trial court's decision was not arbitrary.

Mr. Hoover has no constitutional right to an appeal bond. *See Hamilton v. State of New Mexico*, 479 F.2d 343, 344 (10th Cir. 1973). However, because Colorado law authorizes an appeal bond in certain circumstances, the trial court could not deny his request for an appeal bond

---

[2] The Eighth Amendment to the United States Constitution provides, in relevant part, that "[e]xcessive bail shall not be required[.]" The Fourteenth Amendment to the United States Constitution provides that the State shall not "deprive any person of life, liberty, or property, without due process of law[.]"

4

arbitrarily or unreasonably without violating Mr. Hoover's right to due process. *See, e.g., Finetti v. Harris*, 609 F.2d 594, 599 (2d Cir. 1979). It is Mr. Hoover's burden to establish that there is no rational basis for the trial court's decision. *See id.* at 601.

The trial court did not deny Mr. Hoover an appeal bond; to the contrary, it granted his request. However, Mr. Hoover contends that the trial court effectively denied his request for an appeal bond through imposition of the "cash only" restriction, which made him unable to pay it.

When the amount of an appeal bond is excessive, it is the equivalent of a denial of an appeal bond. *See id.* at 599. For purposes of the Eighth Amendment, bond is excessive when it exceeds the amount needed to ensure that the goals of the bond (*i.e.* to prevent flight) are met. *See United States v. Salerno*, 481 U.S. 739, 754 (1987).

The Court rejects Mr. Hoover's contentions. Mr. Hoover has not shown that his appeal bond was excessive in light of the relevant factors set forth in the Colorado appeal bond statute.[3]

---

[3] Such statute provides:
> (1) The court shall consider the following factors in deciding whether or not an appeal bond should be granted and determining the amount of bail and the type of bond to be required:
> (a) The nature and circumstances of the offense before the court and the sentence imposed for that offense;
> (b) The defendant's length of residence in the community;
> (c) The defendant's employment, family ties, character, reputation, and mental condition;
> (d) The defendant's past criminal record and record of appearance at court proceedings;
> (e) Any showing of intimidation or harassment of witnesses or potential witnesses, or likelihood that the defendant will harm or threaten any person having a part in the trial resulting in conviction;
> (f) Any other criminal charges pending against the defendant and the potential sentences should the defendant be convicted of those charges;
> (g) The circumstances of, and sentences imposed in, any criminal case in which the defendant has been convicted but execution stayed pending appeal;

Nothing in the Colorado statute prohibited the trial court from imposing a "cash only" requirement. Mr. Hoover's inability to post the appeal bond does not render it excessive. *See, e.g., United States ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1134 (7th Cir. 1984). He also has not shown that the trial court's decision was arbitrary or irrational. In selecting the amount and conditions of the appeal bond, the trial court carefully considered all statutory factors and explained its decision.

**IT IS THEREFORE ORDERED** that:

(1) Mr. Hoover's s Objections **(#18)** to the Recommendation **(#17)** are **OVERRULED**.

(2) The Application for a Writ of Habeas Corpus **(#1)** is **DENIED**.

(3) The Clerk of Court is directed to close this case.

Dated this 24th day of April, 2006

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge

---

(h) The likelihood that the defendant will commit additional criminal offenses during the pendency of such defendant's appeal; and

(i) The defendant's likelihood of success on appeal.